# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JANE DOE,<br>　　*Plaintiff* § § § | |
| v. § | Case No. 1:22-cv-00299-RP |
| THE CITY OF AUSTIN and<br>WALTER DODDS, § § §<br>　　*Defendants* | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:　THE HONORABLE ROBERT PITMAN
　　　UNITED STATES DISTRICT JUDGE

Now before the Court are Plaintiff's Partially Unopposed Motion to Lift Stay and Reopen Case (Dkt. 36) and Plaintiff's Opposed Motion for Leave to Amend her Complaint (Dkt. 37), both filed January 17, 2025, and the related response and reply briefs.[1]

### I.　Background

Plaintiff Jane Doe[2] brings this civil rights lawsuit under 42 U.S.C. § 1983 against the City of Austin and former Austin Police Department Officer Walter Dodds in his individual capacity. Second Amended Complaint, Dkt. 17. Doe alleges that Dodds sexually assaulted her at her apartment. *Id.* ¶¶ 31-33. She asserts Fourth and Fourteenth Amendment claims against Dodds and a failure to train, supervise, and protect claim against the City. Doe seeks compensatory and punitive damages, as well as attorney's fees and costs.

---

[1] By Text Orders issued February 4, 2025, the District Court referred the motions to this Magistrate Judge for disposition and report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] Plaintiff "files under a pseudonym to protect her privacy and safety." Second Amended Complaint, Dkt. 17 ¶ 1.

1

On September 10, 2020, Dodds was arrested and charged in Travis County District Court with sexual assault and official oppression. *Id.* ¶ 45; *State of Texas v. Dodds*, Case No. D-1-DC-20-301555 (460th Dist. Ct. Travis Cnty., Tex. Sept. 10, 2020). Dodds was indicted for unlawful restraint and exposure to substantial risk of serious bodily injury on August 30, 2022. Dkt. 36-1.

The City moved to dismiss under Rule 12(b), arguing that Doe did not allege sufficient facts to show its liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Dkt. 8. Doe filed an amended complaint as of right and a second amended complaint with leave. After the District Court dismissed Plaintiff's first motion to dismiss as moot, the City filed a second motion to dismiss. Dkt. 21.

Defendants also moved to stay discovery pending resolution of Dodds' criminal proceedings in state court. Dkt. 11. This Magistrate Judge granted Defendants' motions to stay discovery pending the resolution of Dodds' criminal proceedings and recommended that the case be administratively closed. Dkt. 34. The District Court agreed and administratively closed the case on October 6, 2022. Dkt. 35.

On January 24, 2024, Dodds pled guilty to the unlawful restraint and exposure charge. Dkt. J36-1. The Travis County District Court sentenced Dodds to a five-year term of deferred adjudication and community supervision on March 13, 2024. *Id.*

Doe now moves to lift the stay of discovery and reopen this case. Dkt. 36. She also seeks leave to file a third amended complaint. Dkt. 37. Defendants agree that the case should be reopened, but oppose both lifting the stay on discovery and Doe's motion to amend her complaint.

## II.    Analysis

The Court addresses each motion in turn.

### A. Motion to Lift Stay and Reopen Case

A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion." *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). Because the criminal proceedings against Dodds have concluded, the Court recommends that the administrative stay should be lifted and discovery should commence. The City offers no justification for its opposition. As the Court stated in its previous Order and Report and Recommendation: "Because the City's only argument in its Motion to Dismiss is that Doe fails to state a plausible claim for relief under *Monell* and a 'mere failure to state a claim does not defeat the Court's jurisdiction,' the City has not asserted a threshold jurisdictional or immunity argument that would justify a stay of discovery." Dkt. 34 at 12-13.

### B. Motion for Leave to File Third Amended Complaint

Rule 15(a) permits a party to amend its pleading "once as a matter of course," but afterward "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." *Id.* 15(a)(2).

Rule 15(a) "evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citation omitted). "Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). Leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins.*, 898 F.3d 461, 477 (5th Cir. 2018) (quoting *Marucci*, 751 F.3d at 378). Absent a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux*, 376 F.3d at 425 (citation omitted).

Doe seeks leave to amend her complaint to add allegations against Defendants, explaining: "While the civil case was closed, Plaintiff continued her efforts to investigate without the benefit of discovery and has developed additional allegations." Dkt. 37 at 2. The City does not argue bad faith, dilatory motive, or futility, but contends that Doe unduly delayed moving for amendment. The City points out that Doe did not seek leave to amend her complaint before the case was administratively closed and waited ten months after Dodd's criminal case was concluded to do so.

"In reviewing the timeliness of a motion to amend, delay alone is insufficient: The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *N. Cypress*, 898 F.3d at 478. Doe avers that she "did not have the ability to file her amended complaint two years ago as the information newly alleged in Plaintiff's Compliant was not public or known to Plaintiff at that time." Dkt. 40 at 3. She states:

> Since May 25, 2022, when Plaintiff last moved to amend, information about the City's practices and other similar instances became available that were not available before. These include the May 31, 2022 Kroll Report evaluating complaints of gender bias at APD; complaints and other litigation after October 2022; media reports and disciplinary documents that became public in 2023 when the City's voters eliminated the secrecy of "G-file;" and other work product of the undersigned during the stay. . . . These new allegations concern facts that were not public or discoverable, or that had not even occurred, until after May 2022, so that Plaintiff could not have pleaded them in her live complaint.

*Id.* at 3-4. Doe contends that the amendment will merely add factual details to clarify her allegations, not new parties or causes of action.

The Court agrees that Doe could have moved for amendment earlier, but finds that she has sufficiently explained and presented good cause for her delay. The Court also finds that amendment will not unduly prejudice Defendants. As Doe notes, the Court has not set a trial date or issued a scheduling order in the case, and the parties have not engaged in discovery. The Court finds no substantial reason to deny the motion to amend.

4

### III.   Order and Recommendation

For these reasons, this Magistrate Judge **GRANTS** Plaintiff's Opposed Motion for Leave to Amend her Complaint (Dkt. 37) and **RECOMMENDS** that the District Court (1) **GRANT** Plaintiff's Partially Unopposed Motion to Lift Stay and Reopen Case (Dkt. 36); (2) **REOPEN** the case and allow discovery to commence; (3) **ORDER** the parties to submit a joint scheduling order; and (4) **DISMISS** the City's second Motion to Dismiss (Dkt. 21) as moot.

It is **FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 12, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE